CLARK'S HEIRS vs. BARHAM'S HEIRS.

APPEAL from the court of the third district.

PORTER, J., delivered the opinion of the court. The plaintiffs claim from the defendants the undivided half of an estate which they allege belonged to their common ancestor, Henry Clark, senior.

This claim is resisted on several grounds. *First*, That the estate demanded in the petition never did belong to Henry Clark; that it was the property of his son, Isham Clark, who, dying, bequeathed the same by will to his sister, Frances Barham, the mother of the defendants. *Second*, That Henry Clark renounced all right to the estate of his son Isham Clark; and, *Third*, That the prescription of five and ten years prevents the plaintiffs from recovering.

This action was originally instituted in the court of probates, and from thence by appeal taken to the district court: in both tribunals there was judgment for the plaintiffs.

We think the objection offered to the petitioners' right of recovering, on the ground of prescription, has been sustained.

East'n. District.
*April*, 1826.

CLARK'S HEIRS
*vs.*
BARHAM'S
HEIRS.

An order to record a will, will enable a party to plead prescription under it.

A judgment given on erroneous evidence, is valid until reversed.

When property is held by husband & wife, to which one of them has a title, possession follows the title.

East'n. District.
*April*, 1826.

CLARK'S HEIRS
*vs.*
BARHAM'S
HEIRS.

The will was presented to the parish judge in the year 1816. Two of the witnesses who were present at its execution proved it. The judge made the following order: " The above will being proven to the satisfaction of the court, it is ordered to record."

It is objected, that this will cannot form the basis of prescription, because by a provision of our Code, it is declared " that no testament or codicil can have effect until it has been presented to the judge of the parish in which the testator died......The said judge shall order the execution of the said testament or codicil after its being opened and proved in the cases prescribed by law." *Civil Code*, 242, *art.* 153.

It is the opinion of the court, that the order to record the will, was sufficient to enable the party holding under it, to plead prescription. That order is certainly not so formal as it might have been; but, no doubt exists with us, that it was the intention of the judge the will should be executed. He declares it was proved to his satisfaction, and directs it to be recorded; which order, taken most strictly, was at least commencing the execution of the will. The parties claiming under it, were justified, after this judicial sanction, in be-

lieving their title to be valid, and that they rightfully held the property. Informality in a title does not prevent him who claims under it, from pleading prescription; it is only the informality which renders it null, which produces that effect. The great number of our probate judges, and the smallness of the compensation which their fees of office afford in many parishes, render it impossible to obtain legal characters to fill them. We cannot therefore expect, that all their judicial decrees will be expressed with that clearness and precision, which distinguish the judgments of courts, where men learned in the law, preside; and we apprehend, it would lead to great confusion to apply so severe a test to them. At all events, we are satisfied, that the order rendered here was sufficient to enable the party to plead prescription: whether it was technical enough for other purposes, need not now be inquired into.

It is next objected, that the will was defective, because more witnesses could have been had at its execution; and that the court irregularly admitted it to probate without evidence, establishing that the facts existed

which render the number called in here, sufficient for the validity of a nuncupative testament when made in the country.

As far as our knowledge of the practice of the courts of probates extends, we do not believe they are in the habit of going into an inquiry of this kind when a will is presented to them. The articles of the Code, which point out the proof necessary to be made, before the execution of the testament can be ordered, do not seem to contemplate any such investigation in the first instance; but admitting that they did, what would be the conclusion? Why, that the court of probates decided erroneously on insufficient evidence. But that would not be sufficient to render the judgment null, or prevent it, until appealed from and reversed, from having the same effect as if rendered on the most full and complete proof. *Civil Code*, 242, *art.* 157.

It is still objected, that the legatees knew their father was alive at the time the will was made, or at least when it was ordered to be recorded, and that consequently they were possessors in bad faith; as the law has positively provided, the parent cannot be disin-

East'n. District.
*April*, 1826.

CLARK'S
HEIRS
*vs.*
BARHAM'S
HEIRS.

herited unless he is named in the will, and the causes of disinherison expressly mentioned. *Civil Code,* 236, *art.* 128.

There is no proof in the record of the fact on which this bad faith could be established. The evidence shows, that the father resided in South Carolina up to the year 1817, or 1818. Whether his children knew that he was still living, at the time the will was made or proved, is not shown: the presumption is, that they were informed of it. But we cannot take that *presumption* in place of *proof*, and on it alone say, this property was held in bad faith. Bad faith, as it is well known, cannot be presumed, and there is no difference between presuming it, and presuming the fact which would establish it.

Lastly, it was contended, there was no possession, because the father of the present defendants was the husband of their mother, the legatee, and that the property came into his hands as executor, and was held by him in that capacity.

The testimony establishes, that the slaves have remained with the husband and wife, since the death of Isham Clark, the testator, up to the institution of this suit. When property is

CLARK'S
HEIRS
*vs.*
BARHAM'S
HEIRS.

held by husband and wife, to which one has a right, the legal possession follows the title : the husband, as executor, had no right to retain them for ten years; his possession, after the time prescribed by law for executors to perform the duties imposed on them by the will, was the possession of the legatees.

It is therefore ordered, adjudged, and decreed, that the judgment of the district court be annulled, avoided and reversed, and that there be judgment for the defendants, with costs in both courts.

*Woodruff* for the plaintiffs, *Watts & Lobdell* for the defendants.